IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ROELL, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-02497-C |
| | § | |
| GARLAND INDEPENDENT SCHOOL | § | |
| DISTRICT and LAKEISHA RIDER, | § | |
| | § | |
| Defendants | § | |

AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

I.      JURISDICTION

1.  This court has jurisdiction by way of removal, 28 U.S.C. §§ 1441-1452.

II.      VENUE

2.  Plaintiff Roell does not contest venue.

III.      PARTIES AND SERVICE

3.  Roell is an individual and resident of Rockwall County, Texas.  GISD is a school district and has appeared herein as has Defendant Rider.

IV.      FACTS

4.  Roell was a special education teacher for GISD.  In this capacity, his job duties involved assisting special education students with personal hygiene, including helping boys to urinate properly and other duties of a similar nature.  Accordingly, part of his job duties included assisting special education boys with urination in the bathroom.

1

5. In spite of the fact that these were admittedly his duties, Rider, and other agents of GISD twice misled police and prosecutors which led to two consecutive criminal prosecutions for alleged indecency with children. The first lasted from 06-06-16 to 03-12-18 and resulted in an acquittal. The second was commenced on 03-01-18 and was terminated in June, 2019 by the case against Roell being dropped. In both instances, the proximate cause of these prosecutions was the misleading of the police and prosecutors by Rider and other GISD agents; but for their outrageous misrepresentations, the prosecutions would not have occurred. On information and belief, the Board of Trustees of the GISD has been fully aware of these two malicious prosecutions and approved them, thereby ratifying the conduct described herein and adopting it as the policy of the governing body of GISD. By this action, GISD has waived any claim of sovereign immunity that it might otherwise have had.

V. CAUSES OF ACTION

6. Roell restates the allegations above. The conduct of the Defendants constitutes malicious criminal prosecution.

7. Additionally, malicious prosecution by persons (as here) who commit the tort acting under color of law, are liable under 42 U.S.C. § 1983, under the holdings of *Sanders v. English*, 950 F. 2d 1152 (5th Cir. 1992) and other cases cited therein. Though that case involved malicious prosecution against a police officer, obviously, the defendants in this case are "persons acting under color of law" and thus are covered by 42 U. S. C. § 1983. It is true that in *Castellano v. Fragoza*, 352 F. 3d 939, 945, the Fifth Circuit subsequently held that there is no freestanding constitutional right to be free from malicious

2

prosecution. However, in this case, the Defendant's malicious prosecution violated other constitutional rights of Roell, including freedom of association, freedom of speech, due process of law and equal protection of the law.

VI.     <u>COMPENSATORY DAMAGES</u>

8. Roell is only thirty-eight years of age. The unconscionable conduct of the Defendants has made him virtually unemployable. But for the outrageous conduct of the Defendants, including their violation of his civil rights, Roell, in all reasonable probability, would have continued teaching for another thirty years at $50,000 yearly. Thus, Roell has suffered compensatory damages of approximately $1,500,000 in lost income. Roell also lost his retirement, lost his house, and reputation, all of which is worth another $1,500,000. Roell requests judgment for all of these compensatory damages.

VII.     <u>PUNITIVE DAMAGES</u>

9. Because the conduct of the Defendants was malicious, Roell will be entitled to an award of exemplary damages. Roell requests judgment for exemplary damages in the maximum amount allowed by Tex. Civ. Prac. & Rem Code § 41.009.

VIII.     <u>ATTORNEYS' FEES</u>

10. The above statutes allow for the recovery of reasonable and necessary attorneys' fees. Roell requests such fees in the amount of $50,000 through the jury trial; another $30,000 in the event of an appeal to the court of appeals; and another $20,000 in the event review is sought in the Supreme Court of the United States.

<u>PRAYER</u>

WHEREFORE, Roell prays:

(1) That he be awarded all compensatory damages requested hereinabove; (2) that he be awarded all exemplary damages requested hereinabove in order to deter defendants and other of similar ilk from engaging in such egregious conduct in the future; (3) that Roell be awarded the attorneys' fees requested hereinabove; (4) that Roell be awarded his costs and all pre-judgment and post-judgment interest allowable by law; and (5) that Roell be awarded all other damages, whether general or special, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,
BOYD & STAPLETON

By s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
P.O. Box 803596
Dallas, Texas 75380
dan@boydstap.com
Tel.    (214)478-0152
Fax:    (214)481-1878
Web    www.boydstap.com

JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 (b), Roell demands trial by jury on all issues.

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2019, the above and foregoing was served on opposing counsel, Meredith Prykrul Walker through the Court's EFS system and by email to her (mwalker@wabsa.com).

s/Dan S. Boyd
Dan S. Boyd